[Cite as *Murea v. Pulte Group, Inc.*, 2014-Ohio-398.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100127**

---

## RAZVAN MUREA

PLAINTIFF-APPELLEE

vs.

## PULTE GROUP, INC., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-801591

**BEFORE:**   E.T. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   February 6, 2014

**ATTORNEY FOR APPELLANTS**

Douglas V. Bartman
The Bartman Law Office, L.L.C.
1991 Crocker Road, Suite 600
Cleveland, Ohio 44145


**ATTORNEYS FOR APPELLEES**

**For Razvan Murea**

Michael T. Conway
Michael T. Conway and Co.
3456 Sandlewood Drive
Brunswick, Ohio 44212

**For Schield Family Brands**

Timothy L. McGarry
Henderson & Schmidlin Co., L.P.A.
840 Brainard Road
Cleveland, Ohio 44143

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Pulte Homes of Ohio, L.L.C. ("Pulte"), appeals the trial court's judgment denying its motion to stay pending arbitration. We find merit to the appeal and reverse.

{¶3} Plaintiff-appellee, Razvan Murea ("Murea"), purchased a newly constructed home from Pulte in 2003. The parties' purchase agreement provides a limited warranty and contains an arbitration clause. The arbitration clause, which is marked with the heading "ARBITRATION" in bold font, states:

> **ARBITRATION**: Any controversy, claim or dispute arising out of or related to this Agreement or Your purchase of the Home (other than claims under the Limited Warranty) shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") and the Federal Arbitration Act (Title 9 of the United States Code) and any judgment rendered by the arbitrator(s) may be confirmed, entered and enforced in any court having jurisdiction. As a condition precedent to arbitration, the dispute shall first be mediated in accordance with the Construction Industry Mediation Rules of the AAA, or such other mediation service selected by Us. Claims under the Limited Warranty shall be arbitrated in according with the arbitration provision set forth in the Limited Warranty.

{¶4} The limited warranty is expressly incorporated into the purchase agreement by reference to specific documents identified in the agreement. The purchase agreement states, in relevant part: "You and We acknowledge that the documents listed below are a

part of this Agreement: * * * The Limited Warranty." By executing the purchase agreement, Murea acknowledged that he had previously received a copy of the limited warranty. Immediately above the signature line, in all capitals and bold print, the purchase agreement states, in relevant part:

> **PLEASE MAKE SURE THAT ALL PROVISIONS ARE READ AND UNDERSTOOD BEFORE SIGNING. IF YOU DO NOT UNDERSTAND ANY PROVISIONS, YOU SHOULD SEEK LEGAL ADVICE.**

{¶5} Paragraph II.E of the limited warranty, entitled "DISPUTE SETTLEMENT," provides, in relevant part:

> Binding Arbitration is provided as a remedy for resolving the dispute. * * * Any binding arbitration proceeding will be conducted pursuant to the United States Arbitration Act. * * * The Arbitration will determine THE HOMEOWNER's, THE BUILDER's, and (if applicable) the Insurer's rights and obligations under this Limited Warranty. * * * The award of the arbitrator(s) will be final, binding and enforceable as to the HOMEOWNER, THE BUILDER and (if applicable) the Insurer.

{¶6} In February 2012, Murea filed a complaint against Pulte, Pulte Group, Inc., and Schield Family Brands ("Schield"). Schield is the manufacturer of "Weather Shield" and "Visions 2000" windows, which were installed in Murea's house. Murea alleged that the windows in his home leak air and thermal energy as a result of either a manufacturing defect or improper installation. Murea further alleged that despite his demands, Pulte and Schield failed to repair or replace the windows and that such failure constitutes a breach of warranty and breach of contract.

{¶7} Pulte filed a motion to stay litigation pending arbitration pursuant to R.C. 2711.02(B). In support of its motion, Pulte submitted authenticated copies of the parties'

purchase agreement and limited warranty. Murea opposed the motion, arguing the arbitration clause was an adhesion contract, not supported by consideration, and was therefore unconscionable. The trial court agreed and denied Pulte's motion to stay. Pulte now appeals and raises two assignments of error.

{¶8} In the first assignment of error, Pulte argues the trial court erred in denying its motion to stay pending arbitration because the parties had a valid agreement to arbitrate Murea's claims, and Murea's claims were within the scope of the arbitration agreement. In the second assignment of error, Pulte argues the trial court erred in finding that the arbitration clause was unconscionable. We discuss these assigned errors together because they are interrelated.

{¶9} Ohio's public policy encourages arbitration as a method to settle disputes. *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-712, 590 N.E.2d 1242 (1992). R.C. 2711.02 states that a trial court "shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement." As a result, the court must indulge a strong presumption in favor of arbitration and resolve any doubts in favor of arbitrability. *Williams v. Aetna Finance Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998).

{¶10} Arbitration agreements are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33,

quoting R.C. 2711.01(A). For example, an arbitration provision may be invalid if it is unconscionable. *Id.*

**{¶11}** Unconscionability embodies two separate concepts: (1) unfair and unreasonable contract terms, i.e., substantive unconscionability; and (2) an absence of meaningful choice on the part of one of the parties. *Taylor Bldg.* at ¶ 34. A party asserting the unconscionabilty of a contract must prove a quantum of *both* substantive and procedural unconscionability. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 30; *Taylor Bldg.* at ¶ 34. In other words, these two concepts create a two-prong conjunctive test for unconscionability. *Gates v. Ohio Sav. Assn.*, 11th Dist. Geauga No. 2009-G-2881, 2009-Ohio-6230, ¶ 47. A conjunctive test is not satisfied if one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

**{¶12}** In determining whether an agreement is procedurally unconscionable, courts consider the relative bargaining positions of the parties including each party's age, education, intelligence, experience, and who drafted the contract. *Taylor* at ¶ 44. Courts will also consider "whether alterations in the printed terms were possible, [and] whether there were alternate sources of supply for the goods in question." *Oakridge Home* at ¶ 23. No single factor alone determines whether a contract is procedurally unconscionable; a court must consider the totality of the circumstances. *Id*. at ¶ 29-30.

**{¶13}** There is no evidence in the record regarding Murea's age, educational background, business acumen, or experience. Despite bearing the burden of proof,

Murea did not submit any evidence by way of affidavit, responses to written discovery, or deposition testimony, and the court never held a hearing to make any factual determinations. The only evidence in the record consists of the written agreement and limited warranty. Although these agreements were apparently presented to Murea by Pulte, there is no evidence that Murea was unable to understand the agreements.

{¶14} The arbitration provisions in both agreements were clearly marked in capital letters. The arbitration clause in the purchase agreement was conspicuously written in bold print, and the signature line of the agreement expressly warned Murea to "make sure that all provisions are read and understood before signing." The contract also recommended that Murea consult with an attorney before signing if there were any provisions he did not understand. There simply is no evidence of procedural unconscionability under these circumstances, and Murea cannot establish both prongs of the conjunctive two-part unconscionability test. Therefore, the trial court erred in denying Pulte's request to stay litigation pending arbitration.

{¶15} Both assigned errors are sustained.

{¶16} We reverse the trial court's judgment and remand the case to the trial court with instructions to stay litigation pending arbitration.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR