MARY J. BOYLE, J.:
{¶ 1} Defendant-appellant, Howells & Howells Enterprises, L.L.C. ("Howells"), appeals from the trial court's decision denying its motion to stay proceedings pending arbitration. At the request of plaintiff-appellee, The Park Building Condominium Association ("Association"), this appeal was moved to the accelerated calendar, pursuant to App.R. 11.1, App.R. 15(B), and Loc.R. 11(B)(2). Howells raises the following assignment of error:
The trial court erred as a matter of law when it denied Defendant-Appellant's Motion to Stay Pending Arbitration.
{¶ 2} Finding no merit to the appeal, we affirm.
I. Procedural History and Facts
{¶ 3} In 2006, Howells purchased the historic Park Building on Cleveland's Public Square for the purpose of renovating and refurbishing the building and selling luxury residential condominiums. Although Howells began selling individual condominiums in 2009, the Association[1] argues that Howells failed to complete the renovation of the Park Building as promised. Specifically, the Association asserts, inter alia, that the Park Building's brick facade has not been renovated, its deteriorated roof has not been repaired or replaced, and its *133 two 100-year-old elevators are nonfunctional because they have not been renovated and refurbished, all as promised by Howells.
{¶ 4} On May 18, 2016, the Association filed its complaint against Howells and other defendants[2] for negligence, fraudulent misrepresentation/concealment, negligent misrepresentation, breach of warranty, breach of fiduciary duty, accounting, and alter ego liability. The Association asserts that it has suffered damages and defects associated with Howells's and the other defendants' incomplete renovation, rehabilitation, and restoration of the Park Building.
{¶ 5} Howells, Matthew M. Howells, and Jesse Howells filed an amended answer and counterclaim. The amended answer asserted virtually the same affirmative defenses as the original answer, including the defense of arbitration and/or mediation. The counterclaim alleged that Howells and the Association were parties to an Amended and Restated Master Declaration of Easements, Covenants, and Restrictions, dated June 2, 2014,[3] and recorded on June 3, 2014 (the "Master Declaration"). By its terms, the Master Declaration governs, among other things, ongoing and common area easement issues, maintenance of parcels, shared elements, common utilities, shared expenses, taxes, and insurance.
{¶ 6} Howells's counterclaim alleged that the Master Declaration governs the relationship it had with the Association, including the payment of certain shared expenses by Howells, the Association, and a third party. Pursuant to the terms of the Master Declaration, the Association agreed to pay 62 percent of the shared expenses, Howells agreed to pay 18 percent of the shared expenses, and a third party agreed to pay the remainder.
{¶ 7} Howells's counterclaim further alleged that, at a subsequent meeting with the Association in April 2015, the Association agreed to pay 78 percent of the shared expenses, while Howells agreed to pay 22 percent. Based upon this new agreement, Howells contracted with a structural engineer and facade restoration company to investigate the nature of the distress in the Park Building's facade. Around this time, the city of Cleveland issued a violation and, therefore, the Association and Howells incurred additional expenses for the completion of temporary stabilization measures to the facade. Although Howells requested payment from the Association for the alleged shared expenses, it has refused to pay. As a result, Howells filed its counterclaim alleging claims for breach of contract, unjust enrichment, and declaratory relief.
{¶ 8} The Master Declaration, relied upon by the Association in the counterclaim, contains Article 15, entitled Dispute Resolution:
Mediation/Arbitration. Any dispute that may arise under this Restated Master Declaration (a "Dispute") shall be governed and resolved in accordance with the provisions of Schedule 15.1 attached hereto.
Schedule 15.1, Dispute Resolution, provides as follows:
*134 Any Disputes to be resolved pursuant to the terms of this Schedule 15.1 shall be subject to mediation and arbitration as provided below. As a condition precedent to arbitration, the parties to any Dispute shall first endeavor to resolve such Dispute by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the applicable Mediation Rules of the American Arbitration Association then currently in effect. * * * If the parties have not resolved the Dispute through such efforts within such sixty (60) day period referenced above, then, upon written demand by any party to such Dispute, the Dispute shall be submitted to arbitration (the "Arbitration") with the American Arbitration Association ("AAA").
{¶ 9} Accordingly, on the same day it filed its amended answer and counterclaim, Howells filed its motion to stay proceedings pending arbitration ("motion to stay"). Howells argued that, based upon the allegations in the complaint, the allegations in the counterclaim, the Ohio Arbitration Act ( R.C. 2711.01 ), and the public policy and Ohio law favoring arbitration, that a stay was mandatory, pursuant to Section 15.1 of the Master Declaration. Howells further argued that it was not in default of its right to proceed with arbitration.
{¶ 10} On August 3, 2016, the Association filed its brief in opposition to the motion to stay. The Association argued that the claims alleged in the complaint do not fall under the purview of the disputes contemplated by the Master Declaration's dispute resolution provision. Specifically, the Association claimed that the complaint arises solely out of the failures by Howells and others to complete the renovation, rehabilitation, and restoration of the Park Building and their failure to deliver a building to the Association in the condition that Howells promised. The Association further argued that its complaint was about Howells's representations made in 2006-2007 with respect to the renovations and that its claims arose prior to the Master Declaration being executed on May 29, 2014, thereby negating the application of the dispute resolution clause.
{¶ 11} Further, the Association argued that the Howells's counterclaim is nothing more than an attempt to fabricate a "shared expense" claim in order to take advantage of the dispute resolution provision contained in the Master Declaration. The Association claimed that, by its terms, the Master Declaration governs, inter alia, ongoing and common area easement issues, signage, maintenance of parcels, shared elements, common utility issues, shared expenses, taxes, and insurance. As such, according to the Association, none of the claims relate to ongoing, month-to-month shared expenses or easement issues, which are the subject of the Master Declaration. Rather, the allegations in the counterclaim relate to expenses to determine the reasons for the incomplete renovation, rehabilitation, and restoration of the Park Building by Howells. Thus, according to the Association, its complaint allegations exist entirely independent from, and can be maintained without reference to, the Master Declaration.
{¶ 12} In addition, the Association argued that Howells's conduct was inconsistent with the dispute resolution provision in the Master Declaration and, therefore, Howells waived its right to seek its application.
{¶ 13} On September 1, 2016, the trial court, without opinion, denied Howells's motion to stay. It is from this judgment that Howells timely appeals.
II. Law and Analysis
{¶ 14} A contract, such as an arbitration agreement, that is clear and *135 unambiguous, requires no real interpretation or construction and will be given the effect called for by the plain language of the contract. Aultman Hosp. Assn. v. Community Mut. Ins. Co. , 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989). Interpreting the meaning and construction of contracts involves a question of law that appellate courts review de novo. Locum Med. Group, L.L.C. v. VJC Med., L.L.C., 8th Dist. Cuyahoga No. 102512, 2015-Ohio-3037, 2015 WL 4599441, ¶ 11, citing Northland Ins. Co. v. Palm Harbor Homes, Inc., 12th Dist. Clinton No. CA2006-07-021, 2007-Ohio-1655, 2007 WL 1041424.
{¶ 15} Ohio courts recognize a presumption favoring arbitration when the parties' dispute falls within the scope of an arbitration agreement. Locum at ¶ 10, citing Taylor Bldg. Corp. of Am. v. Benfield, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12. Despite the presumption in favor of arbitration, parties cannot be compelled to arbitrate a dispute that they have not agreed to submit to arbitration. Locum at ¶ 10, citing Council of Smaller Ents. v. Gates, McDonald & Co., 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998). Thus, a trial court must stay a matter for arbitration pursuant to R.C. 2711.02(B) only if it is satisfied that "the issue involved in the action is referable to arbitration under an agreement in writing for arbitration." Therefore, a trial court has an independent duty to determine that the claims involved are subject to the arbitration provision before it can issue a stay. Id.
{¶ 16} In deciding whether a dispute falls within the scope of an arbitration agreement, "courts should 'ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement.' " Locum at ¶ 14, quoting Nestle Waters N. Am., Inc. v. Bollman , 505 F.3d 498, 506 (6th Cir.2007).
{¶ 17} In Eaton Corp. v. Allstate Ins. Co. , 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, 2015 WL 3421990, the appellant appealed a denial of a motion to stay pending arbitration as a result of a provision contained in an agreement between several companies relating to the handling, defense, and indemnity of claims alleging asbestos-related bodily injuries arising out of the operation of Cutler-Hammer, Inc. (the "Cutler-Hammer claims"). The appellant claimed that appellee's declaratory judgment claim was subject to the arbitration provision. This court, however, rejected the appellant's argument, noting that the complaint specifically limited its claims to non-Cutler-Hammer claims. Moreover, the appellee's prayer for relief only concerned non-Cutler-Hammer asbestos claims. As such, this court affirmed the denial of the motion to stay pending arbitration because the claims in the complaint were not subject to the arbitration provision.
{¶ 18} Here, the claims at issue in the complaint and counterclaim can be maintained without reference to the Master Declaration. The Association's claims center around the defective construction, renovation, rehabilitation, and restoration of the Park Building that was promised by Howells prior to and at the time the Association's condominium owners purchased their individual units. Howells, however, wants to recharacterize the Association's claims as failures to uphold a provision for "shared expenses" regarding ongoing building maintenance in order to take advantage of the dispute resolution provision contained in the Master Declaration. The Master Declaration, however, was not executed until May 29, 2014-well after Howells's promised renovation and rehabilitation of the Park Building-and is separate and distinct from the complaint's allegations about Howells's failure to construct, *136 renovate, and rehabilitate the Park Building. Indeed, from the allegations asserted, the Association could have filed its complaint regarding Howells's and the other defendants' conduct before the Master Declaration was executed.[4]
{¶ 19} The allegations contained in Howells's counterclaim do not change our analysis. As Howells admits, the expenses incurred in 2015 were to determine the reasons the Park Building's facade was deteriorating, along with the other building issues, purportedly because of Howells's own failures. The expenses were not due to issues with the treatment of easements, signs, maintenance of parcels, shared elements, common utility issues, shared expenses, taxes, or insurance, which are governed by the Master Declaration. Rather, the specific issues in dispute are separate and distinct from those contemplated by the Master Declaration.
{¶ 20} Accordingly, none of the claims at issue in the case at hand is a "dispute" subject to dispute resolution, including arbitration, pursuant to Section 15.1 of the Master Declaration. Rather, the claims and alleged damages stem from Howells's failure to complete the renovation, rehabilitation, and restoration of the Park Building, as promised.
{¶ 21} Finally, although the Association devotes considerable time discussing whether Howells waived its right to arbitrate, that question need not be our focus because the underlying claims do not implicate the dispute resolution provision in the Master Declaration. Eaton, 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, 2015 WL 3421990, at ¶ 25.
{¶ 22} Consequently, based on our review, we conclude that Howells's motion to stay was properly denied. Therefore, we overrule the sole assigned error.
{¶ 23} Judgment affirmed.
KATHLEEN ANN KEOUGH, A.J., and MELODY J. STEWART, J., CONCUR

The Association is an Ohio nonprofit corporation and is comprised of 21 owners of the condominiums located in the Park Building.

The Association's complaint named the following additional defendants: MHA, Inc. d.b.a. MHA Construction Group, Your Carpenter, Inc., Matthew M. Howells, and Jesse Howells. These defendants were not parties to the agreement that contains the dispute resolution provision at issue in this case.

Although there appears to be at least one prior version of the Master Declaration, only a partial copy of the June 2, 2014 Master Declaration (due to its size) was in the record. At oral argument, Howells indicated that there were two prior versions.

According to the Master Declaration, defendant Jesse Howells signed as "President" on behalf of the Association. In its appellee brief, the Association argues that the dispute provision in the Master Declaration may not be valid because defendant Jesse Howells signed on behalf of the Association. At oral argument, the Association's counsel cited the case of Troy Leight v. Osteosymbionics, L.L.C. , 8th Dist. Cuyahoga No. 102869, 2016-Ohio-110, 2016 WL 193511, as applicable for the proposition that there was no meeting of the minds regarding arbitration since only defendant Jesse Howells (and not another representative of the Association) signed the Master Declaration on behalf of the Association. A review of the trial court record, however, shows that no argument about the validity of the dispute resolution provision was raised, and therefore, it will not be considered. Cawley JV, L.L.C. v. Wall St. Recycling L.L.C. , 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17, 19.