[Cite as *Ohio Plumbing, Ltd. v. Fiorilli Constr., Inc.*, 2018-Ohio-1748.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106242**

## OHIO PLUMBING, LTD.

PLAINTIFF-APPELLEE

vs.

## FIORILLI CONSTRUCTION, INC.

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED; REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-880991

**BEFORE:** E.A. Gallagher, A.J., Stewart, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**ATTORNEYS FOR APPELLANT**

Brian T. Winchester
Patrick J. Gump
McNeal, Schick, Archibald & Biro Co., L.P.A.
123 West Prospect Avenue, Suite 250
Cleveland, Ohio 44115


**ATTORNEY FOR APPELLEE**

David J. Horvath
7100 E. Pleasant Valley Road, Suite 110
Independence, Ohio 44131


EILEEN A. GALLAGHER, A.J.:

**{¶1}** Defendant-appellant Fiorilli Construction, Inc. ("Fiorilli") appeals from the trial court's decision denying its motion to stay pending arbitration. For the reasons that follow, we reverse the trial court.

### Factual and Procedural Background

**{¶2}** In September 2016, Fiorilli, the contractor, contracted with plaintiff-appellee Ohio Plumbing, Ltd. ("Ohio Plumbing"), the subcontractor, to provide plumbing services in connection with the construction of a SteinMart discount department store in Bainbridge, Ohio (the "contract" or the "agreement"). The contract contains a dispute resolution provision, which sets forth a multistage dispute resolution process, including discussions between project managers, discussions between party executives, premediation and mediation. After non-binding dispute resolution attempts are concluded, "any dispute not resolved" is to be decided "by either arbitration or litigation * * * at Fiorilli Construction, Inc.'s sole discretion."

**{¶3}** Section 8.04(3) provides in relevant part:

Binding Dispute Resolution: Upon the full conclusion of all good faith direct discussions, pre-mediation, and mediation attempts to resolve a dispute, any dispute not resolved shall be decided by either arbitration or litigation. Upon a failed mediation, the Subcontractor hereby expressly waives any and all rights to institute or pursue litigation, unless at the sole discretion of Fiorilli Construction, Inc., litigation is expressly determined in writing as the course of action for further dispute resolution proceedings. Both Fiorilli Construction, Inc. and Subcontractor understand and agree that any such decision as to whether to have disputes decided by arbitration or litigation is at Fiorilli Construction, Inc.'s sole discretion and is a condition precedent to any legal or equitable proceedings being initiated under this Agreement.

{¶4} On May 30, 2017, Ohio Plumbing filed a complaint against Fiorilli in the Cuyahoga County Court of Common Pleas, asserting claims of breach of contract and violation of the Ohio Prompt Payment Act, R.C. 4113.61, based on Fiorilli's alleged failure to pay Ohio Plumbing for work performed under the agreement. Ohio Plumbing alleged that it had fully performed under the agreement, that it had obtained a final inspection approval of its work under the agreement and that Fiorilli had confirmed that Ohio Plumbing had completed its work and was due money under the agreement but that Fiorilli refused to pay Ohio Plumbing. Ohio Plumbing sought to recover $5,337 it claimed it was due under the agreement, 18% interest per annum from the date Fiorilli received payment from the owner and attorney fees. Ohio Plumbing attached a copy of the agreement to its complaint.

{¶5} On July 26, 2017, Fiorilli filed a motion for change of venue, attorney fees, dismissal and/or stay of proceedings pursuant to Civ.R. 3(C), Civ.R. 12(B) and R.C. 2711.02. Fiorilli claimed that venue was improper in Cuyahoga County because the agreement included a forum selection provision that stated that any litigation relating to the contract would be filed in Medina County, Ohio. Fiorilli requested that the court transfer the case to the Medina County Court of Common Pleas and that it be awarded its attorney fees under Civ.R. 3(C)(2). It also requested that Ohio Plumbing's complaint be dismissed or the action stayed under R.C. 2711.02(B) pending arbitration of the parties' dispute.

**{¶6}** Ohio Plumbing opposed the motion. It argued that there was "nothing to arbitrate" under the agreement because — based on the allegations of its complaint — there was no "dispute" and the only issue to be litigated was "whether or not [Fiorilli] has paid [Ohio Plumbing] pursuant to the invoices that were submitted and approved by [Fiorilli]." Ohio Plumbing also argued the agreement was unconscionable and that the forum selection and dispute resolution provisions were, therefore, unenforceable.

**{¶7}** On August 17, 2017, the trial court summarily denied Fiorilli's motion. Fiorilli appealed, raising the following assignment of error for review:

> The trial court erred in not enforcing a valid and irrevocable arbitration clause encompassed in a commercial contract between two commercial entities.[1]

**Law and Analysis**

**{¶8}** In its sole assignment of error, Fiorilli argues that the trial court erred in denying its motion to stay pending arbitration because the parties had a valid arbitration agreement and Ohio Plumbing's claims were within the scope of the arbitration provision. Ohio Plumbing responds that the trial court properly denied Fiorilli's motion to stay because (1) Ohio Plumbing's claims involve a payment issue that is not "suitable for arbitration"; (2) Fiorilli had not served a demand for arbitration or otherwise initiated arbitration proceedings prior to filing its motion to stay and (3) the arbitration clause is "so one-sided, draconian, and confusing," it is unconscionable and unenforceable.

**Standard of Review**

---

[1] At this juncture, only the trial court's denial of Fiorilli's motion to stay pending arbitration is subject to appellate review, not the denial of its motion to dismiss or for change of venue. *See* R.C. 2711.02(D); *Helbling v. Lloyd Ward, P.C.*, 8th Dist. Cuyahoga No. 99991, 2014-Ohio-1513, ¶ 15-19 (order denying motion to transfer venue was not a final, appealable order subject to immediate appeal).

{¶9} The standard of review applicable to a trial court's ruling on a motion to stay pending arbitration "depends upon 'the type of questions raised challenging the applicability of the arbitration provision.'" *Wisniewski v. Marek Builders, Inc.*, 2017-Ohio-1035, 87 N.E.3d 696, ¶ 5 (8th Dist.)*,* quoting *Kaminsky v. New Horizons Computer Learning Ctr. of Cleveland*, 2016-Ohio-1468, 62 N.E.3d 1054, ¶ 12 (8th Dist.). Determinations as to whether a party has agreed to submit an issue to arbitration and whether an arbitration provision is unconscionable are reviewed de novo. *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7-8. Under a de novo standard of review, we give no deference to the trial court's decision. *Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9.

{¶10} An abuse of discretion standard applies to a determination that a party has waived its right to arbitrate a given dispute. *McCaskey* at ¶ 7, citing *Milling Away, L.L.C. v. UGP Properties, L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 8. An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} Ohio recognizes a "strong public policy" in favor of arbitration and the enforcement of arbitration provisions. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15; *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 24; R.C. 2711.01(A). A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision and courts must resolve any doubts in favor of arbitrability. *See, e.g., Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998); *Taylor Bldg.* at ¶ 26; *see also Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 669, 687 N.E.2d 1352 (1998) (arbitration

provision should not be denied effect "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'"), quoting *Independence Bank v. Erin Mechanical*, 49 Ohio App.3d 17, 18, 550 N.E.2d 198 (8th Dist.1988).

{¶12} R.C. 2711.02(B) provides:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶13} Thus, R.C. 2711.02 requires a court to stay the trial of an action on application of one of the parties if (1) the action involves an issue referable to arbitration under a written arbitration agreement, (2) the court is satisfied the issue is referable to arbitration under the agreement and (3) the party seeking the stay is not in default in proceeding with arbitration. *Eaton Corp. v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 101654, 2015-Ohio-2034, ¶ 17.

**Arbitrability of Ohio Plumbing's Claims**

{¶14} In this case, it is undisputed that the parties' agreement contains a dispute resolution provision and that the dispute resolution provision includes an agreement to arbitrate, at Fiorilli's discretion, "disputes under the Agreement." Nevertheless, Ohio Plumbing contends that the claims raised in its complaint are not arbitrable because they involve only a single,

"simple issue to be reconciled" — i.e., "payment for services rendered" — that is not "suitable for arbitration."

**{¶15}** Despite the presumption in favor of arbitration, a party cannot be compelled to arbitrate a dispute the party has not agreed to submit to arbitration. *Council of Smaller Ents.*, 80 Ohio St.3d at 665, 687 N.E.2d 1352. In deciding whether a dispute falls within the scope of an arbitration agreement, "'[a] proper method of analysis * * * is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement.'" *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, ¶ 24, quoting *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir.2003); *see also Park Bldg. Condominium Assn. v. Howells & Howells Ents., L.L.C.*, 2017-Ohio-1561, 90 N.E.3d 131, ¶ 16 (8th Dist.).

**{¶16}** In this case, the arbitration clause is broad, applying to any "disputes under the Agreement." Ohio Plumbing's claims for breach of contract and violation of the Ohio Prompt Payment Act are based on the services Ohio Plumbing provided under the agreement and could not be maintained "'without reference to the contract or relationship at issue.'" *Alexander* at ¶ 24, quoting *Fazio* at 395. Ohio Plumbing's right to the $5,337 it seeks to recover in this action arises out of the agreement. Simply because Ohio Plumbing has alleged in its complaint that "[d]efendant agrees it owes this money," does not mean, as Ohio Plumbing contends, that there is "nothing to arbitrate." Fiorilli's failure to pay Ohio Plumbing the sums it claims are due is a "dispute" Because Ohio Plumbing's claims involve a "dispute under the [a]greement," they are within the scope of the arbitration provision.[2]

---

[2] Whether any conditions precedent to arbitration have been satisfied or waived is a matter for the arbitrator. *See, e.g., Council of Smaller Ents.* at 665 ("'Once it is determined * * * that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions

**Default in Proceeding with Arbitration**

{¶17} Ohio Plumbing also contends that its claims are not referable to arbitration under R.C. 2711.02(B) because Fiorilli did not serve Ohio Plumbing with a formal demand for arbitration or initiate arbitration proceedings prior to filing its motion to stay and, therefore, is "in default in proceeding with arbitration" under R.C. 2711.02(B).

{¶18} "Default" is "'the omission or failure to perform a legal or contractual duty.'" *PS Commercial Play, LLC v. Harp Contrs., Inc.*, 2d Dist. Montgomery No. 27253, 2017-Ohio-4011, ¶ 17, quoting *Black's Law Dictionary* 376 (5th Ed.1979). A party who waives its right to arbitrate is "in default in proceeding with arbitration." *M84 Lumber Co. v. O.C.H. Constr., LLC*, 2015-Ohio-4149, 44 N.E.3d 961, ¶ 16; *see also Ponyicki v. Monterey Homes*, 8th Dist. Cuyahoga No. 65549, 1994 Ohio App. LEXIS 2158, *10 (May 19, 1994), citng *Mills v. Jaguar-Cleveland Motors, Inc.*, 69 Ohio App.2d 111, 113, 430 N.E.2d 965 (8th Dist.1980). In order to waive the right to arbitrate, a party must know they have the right to arbitrate and act inconsistently with that right. *See, e.g., M84 Lumber* at ¶ 16; *Am. Gen. Fin. v. Griffin*, 8th Dist. Cuyahoga No. 99088, 2013-Ohio-2909, ¶ 17. For example, where a party does not promptly raise an arbitration provision before the trial court, the party may waive its right to arbitrate a dispute. *See, e.g., Cantie v. Hillside Plaza*, 8th Dist. Cuyahoga No. 99850, 2014-Ohio-822, ¶ 11-16.

{¶19} As this court explained in *Capital One Bank (USA), N.A. v. Rotman*, 8th Dist. Cuyahoga No. 96891, 2012-Ohio-480, there is no requirement under R.C. 2711.02(B) that a

which grow out of the dispute and bear on its final disposition would be left to the arbitrator.'"), quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556-557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *see also Bd. of Library Trustees v. Ozanne Constr. Co.*, 100 Ohio App.3d 26, 30, 651 N.E.2d 1356 (8th Dist. 1995); *Blanchard Valley Health Sys. v. Canterbury Holdings, Inc.*, 3d Dist. Hancock No. 5-12-08, 2012-Ohio-5134, ¶ 22-25.

defendant must initiate arbitration proceedings before it can seek a stay of litigation pending arbitration:

> Nothing in [R.C. 2711.02(B)] imposes a requirement that a party must initiate arbitration before seeking a stay. * * * [T]he statute clearly reflects that a party need only file a motion to have the proceedings stayed when "the action is referable to arbitration under an agreement in writing for arbitration." R.C. 2711.02(B)._
>
> * * * Case law instructs that where a matter is subject to arbitration, "[t]he burden is on the plaintiff to commence the arbitration action, and the parties are obliged to cooperate and respond in a timely manner." *Sexton v. Kidder, Peabody & Co., Inc.*, 8th Dist. Cuyahoga No. 74833, 1999 Ohio App. LEXIS 3972 (Aug. 24, 1999). *See also Kessinger v. SR83 Hotel Partners, LLC*, 5th Dist. Ashland No. 04-CA-83, 2005-Ohio-4110, ¶ 17; *Johnson v. E. Bay Kia, Inc.*, S.D.Ala. No. 08-00656-CG-B, 2009 U.S. Dist. LEXIS 30906, *1 (Apr. 2, 2009). Indeed, it would be nonsensical to require a defendant to commence arbitration of a claim against himself. Thus, where a defendant properly exercises a right to arbitration, it is incumbent upon the plaintiff to pursue its claims in arbitration once a stay of the action is granted.

*Id.* at ¶ 8-9; *see also Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 8 (9th Dist.) ("[A] party cannot be in default in proceeding with arbitration where it has no duty to commence arbitration. Only an aggrieved party may demand arbitration. It defies logic to insist that an uninjured party, who may or may not know that another party believes it has been wronged, must institute arbitration proceedings against that allegedly aggrieved party in order to preserve its right to arbitrate.").

{¶20} Additionally, there is no such requirement in the parties' agreement. Under the terms of the parties' agreement, Ohio Plumbing waived its right to litigate any dispute unless Fiorilli agreed in writing to resolve the dispute by litigation. Further, binding dispute resolution, be it litigation or arbitration, was to occur only after efforts at nonbinding dispute resolution failed. There is nothing in the record to suggest that the parties participated in any of

the "direct discussions, pre-mediation, and mediation attempts" that were to precede "binding dispute resolution" under the terms of the agreement.

{¶21} In this case, it cannot be said that Fiorilli acted inconsistently with its right to arbitrate. Fiorilli's "opportunity to either waive or invoke its right arbitration" occurred after Ohio Plumbing filed its complaint. *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 412-413, 701 N.E.2d 1040 (3d Dist.1997). To invoke its right to arbitration, Fiorilli needed to file a motion to stay the litigation until the parties' dispute was arbitrated in accordance with the agreement. R.C. 2711.02(B). That is precisely what Fiorilli did. Prior to filing its answer, Fiorilli promptly filed a motion to stay the proceedings pending arbitration. Based on the record before us, there is no reasonable basis upon which the trial court could have determined that Fiorilli was in default in proceeding with arbitration at the time it filed its motion for stay pending arbitration.

**Unconscionability**

{¶22} Ohio Plumbing also contends that the arbitration provision is unconscionable and that the trial court, therefore, properly denied Fiorilli's motion to stay pending arbitration, because the arbitration provision is unenforceable.

{¶23} An arbitration provision is not enforceable if it is unconscionable. *See, e.g., Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 26 (8th Dist.) ("[A]n arbitration provision may be held unenforceable on grounds that exist at law or in equity for the revocation of any contract. * * * Unconscionability is such a reason."), citing *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 15, 19; *Handler v. Southerland Custom Builders, Inc.*, 8th Dist. Cuyahoga No. 86956, 2006-Ohio-4371, ¶ 11 ("An arbitration clause that is deemed unconscionable is unenforceable as a matter of law."). Whether an arbitration

provision is unconscionable is a question of law. *Id.* at ¶ 8; *Ins. Co. of N. Am. v. Automatic Sprinkler Corp.*, 67 Ohio St.2d 91, 98, 423 N.E.2d 151 (1981).

**{¶24}** Unconscionability embodies two separate concepts: (1) substantive unconscionability, i.e., unfair and unreasonable contract terms and (2) procedural unconscionability, i.e., an absence of meaningful choice on the part of one of the parties. *Taylor Bldg.*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 33. The party asserting the unconscionability of a contract must prove that the agreement is both procedurally and substantively unconscionable. *Hayes* at ¶ 30 ("A party challenging an arbitration agreement must prove a quantum of both procedural and substantive unconscionability."); *Taylor Bldg.* at ¶ 33; *see also Murea v. Pulte Group, Inc.*, 8th Dist. Cuyahoga No. 100127, 2014-Ohio-398, ¶ 11 ("[T]hese two concepts create a two-prong conjunctive test for unconscionability [that] * * * is not satisfied if one of the requirements is not met."). Ohio Plumbing has not met its burden in this case.

**{¶25}** "Substantive unconscionability pertains to the contract itself, without any consideration of the individual contracting parties, and requires a determination of whether the contract terms are commercially reasonable in the context of the transaction involved.'" *Vasil v. Pulte Homes of Ohio, L.L.C.*, 8th Dist. Cuyahoga No. 102212, 2015-Ohio-2407, ¶ 17, quoting *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, ¶ 21. Procedural unconscionability involves factors bearing on the relative bargaining position of the contracting parties, such as age, education, intelligence, business acumen and experience, bargaining power, who drafted the contract, whether the terms were explained to the weaker party and whether alterations in the printed terms were possible. *See, e.g., Vasil* at ¶ 17; *Taylor Bldg.* at ¶ 43; *Hayes* at ¶ 23. No single factor, in and of itself, determines whether a contract is procedurally unconscionable; the totality of the circumstances must be considered. *Murea* at ¶

12, citing *Hayes* at ¶ 29-30. The "crucial question" is whether each party to the contract had a reasonable opportunity to understand the terms of the contract. *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993).

{¶26} Ohio Plumbing asserts that the arbitration clause is substantively unconscionable because it requires Ohio Plumbing to "waive[] [its] rights to litigation" and is part of a "confusing," "lengthy," "costly" and "oppressive" multi-stage dispute resolution "labryinth" that has a "chilling effect" on small claims. Ohio Plumbing also asserts that the arbitration provision is procedurally unconscionable because the agreement was an "adhesion contract," there was an "utter lack of bargaining power or ability to negotiate" on its part and the contract was not subject to review by Ohio Plumbing's counsel.

{¶27} The potential cost or burden of arbitration, in and of itself, is not sufficient to render an arbitration provision commercially unreasonable or otherwise unenforceable. *See, e.g., English v. Cornell Quality Tools, Co.*, 9th Dist. Summit No. 22578, 2005-Ohio-6983, ¶ 18; *McCaskey*, 2012-Ohio-1543, at ¶ 32, 34 (observing that unconscionability requires "specific and individualized evidence that arbitration costs were unduly burdensome to the party opposing [arbitration]" and that "[w]ithout some evidence that a party would be precluded from bringing a claim, the cost of arbitration, standing alone, is not a justifiable reason to find unconscionability"). Likewise, inequality of bargaining power or that a contract is preprinted and the arbitration clause is a required term, without more, "fails to demonstrate the unconscionability of the arbitration clause." *Taylor Bldg.* at ¶ 44-45.

{¶28} This case involves a contract between two commercial parties. Here, a commercial transaction took place in which Ohio Plumbing agreed to perform certain plumbing services as a subcontractor for Fiorilli on the SteinMart project. The cases upon which Ohio

Plumbing relies in support of its claim that the arbitration provision is unenforceable on unconscionability grounds involve the enforcement of arbitration provisions against consumers who purchased needed goods or services from a commercial entity, *see, e.g., Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161 (9th Dist.), and *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (1998), or employees asserting discrimination claims, s*ee, e.g., Post v. ProCare Auto Serv. Solutions,* 8th Dist. Cuyahoga No. 87646, 2007-Ohio-2106. As such they are distinguishable.

{¶29} There is no evidence in the record supporting Ohio Plumbing's allegations of procedural unconscionability or regarding any other facts and circumstances relevant to the issue. Ohio Plumbing did not submit any evidence (by way of affidavit or otherwise) to support its allegations of unconscionability and did not request that the trial court conduct a hearing on the issue. The only evidence in the record is the agreement itself. Pursuant to the agreement, the total amount Ohio Plumbing was to receive for the work it performed under the agreement was $36,000, of which Ohio Plumbing contends $5,337 has not been paid. The provision at issue appears in section VIII of the agreement, which is titled in bold capital letters, "DISPUTE RESOLUTION." Although the agreement appears to have been drafted by Fiorilli, each page of the agreement, including the pages setting forth the dispute resolution procedure, was initialed by a representative of Ohio Plumbing. Accordingly, the dispute resolution procedure and arbitration provision could have hardly been a surprise to Ohio Plumbing. "Anyone entering into a commercial contract has the burden of assuring themselves of what they are taking part in." *English* at ¶ 28. Certainly, Ohio Plumbing could have sought legal advice before entering into the agreement with Fiorilli.

{¶30} Because Ohio Plumbing did not offer any evidence of procedural unconscionability (or allege any specific facts that, if proven, could establish procedural unconscionability under

the totality of the circumstances here), it "cannot establish both prongs of the conjunctive two-part unconscionability test" and the trial court could not have properly denied Fiorilli's motion to stay pending arbitration on grounds of unconscionability. *See, e.g., Murea*, 2014-Ohio-398, ¶ 12-14.

**{¶31}** Based on the record before us, the trial court erred in denying Fiorilli's motion to stay proceedings pending arbitration. Fiorilli's assignment of error is sustained. We reverse the trial court's judgment and remand the case to the trial court with instructions to stay litigation pending arbitration.

**{¶32}** Judgment reversed; remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR