**BOARD OF LIBRARY TRUSTEES, SHAKER
HEIGHTS PUBLIC LIBRARY, Appellant,**

v.

**OZANNE CONSTRUCTION COMPANY, INC., Appellee.**

[Cite as *Bd. of Library Trustees, Shaker Hts. Pub. Library
v. Ozanne Constr. Co., Inc.* (1995), 100 Ohio App.3d 26.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67578.

Decided Jan. 3, 1995.

*Calfee, Halter & Griswold, Richard P. Goddard* and *James F. Lang,* for appellant.

*Hahn, Loeser & Parks, Michael J. Garvin, Royce R. Remington* and *Anthony J. Fitzgibbons,* for appellee.

---

*Per Curiam:*

Plaintiff-appellant Board of Library Trustees, Shaker Heights Public Library ("board") appeals from the decision of the common pleas court staying the action pending arbitration of disputes between the board and defendant-appellee Ozanne Construction Company, Inc. ("Ozanne") before the American Arbitration Association.

The trial court held that the determination of whether defendant had satisfied conditions precedent to arbitration was itself an arbitrable dispute referable to arbitration in the first instance. We find no error in the trial court's determination and affirm.

Ozanne was the general contractor renovating Moreland School into a library for the board pursuant to a standard AIA construction contract. Ozanne filed a demand for arbitration over certain disputes which the architect had decided adversely to Ozanne. Article 4.5.1 of the General Conditions provided that: "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration * * *." The board filed the instant action for injunctive and declaratory relief against the arbitration, essentially asserting that Ozanne had failed to give timely notice of certain claims and to demand arbitration within the time limits specified by the contract. From the stay of that action pending arbitration, the board filed a timely appeal.

The critical legal issue is whether the arbitrator or the trial court is, in the first instance, the proper tribunal to determine whether Ozanne's failure to raise its claims or seek arbitration within the time constraints of the contract is a condition precedent to arbitration. We hold that the trial court committed no error in staying the action pending arbitration.

According to the board, Ozanne failed to give written notice of two of the claims within the specified twenty-one-day period "after occurrence of the event giving rise to such Claim * * * or after the claimant first recognizes the condition giving rise to the Claim, whichever is later" as required by Article 4.3.3 of the General Conditions. "A decision by the Architect, as provided in subparagraph 4.4.4, shall be required as a condition precedent to arbitration or litigation of a claim between the Contractor and the Owner as to all such matters arising prior to the date final payment is due * * *." Article 4.3.2.

On four other claims, the board contends that Ozanne failed to file a demand for arbitration within the thirty-day period following the Architect's final written decision on a claim, when "failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and the Contractor." Article 4.5.4.1. On the first such claim, by letter dated October 30, 1993, Ozanne did state that "You may regard this as our demand for arbitration of this dispute (General Conditions 4.5). We reserve the right to amend this demand for arbitration to include our other disputed issues."

The board offered evidence below by affidavit that Ozanne failed to satisfy these time requirements. The trial court nonetheless found that case authorities hold "that prerequisites to arbitration or conditions precedent are matter[s] wholly within the jurisdiction of the arbitrator and not of the court." The trial court stayed the action pending arbitration.

R.C. 2711.02 governs the action of the trial court and this court in the circumstances presented:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

The arbitration provision at issue is extremely broad and unlimited as to the nature of disputes that are subject to arbitration. Article 4.5.1 states that: "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration * * *." Such provisions are to be given a reading in favor of arbitration.

As recently stated in *Didado v. Lamson & Sessions Co.* (1992), 81 Ohio App.3d 302, 304, 610 N.E.2d 1085, 1087:

"A clause in a contract providing for dispute resolution by arbitration should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 550

N.E.2d 198; *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559. In examining such a clause, a court must bear in mind the strong presumption in favor of arbitrability, and any doubts should be resolved in favor of coverage under the arbitration clause. *Siam Feather & Forest Prod. Co., Inc. v. Midwest Feather Co.* (S.D.Ohio 1980), 503 F.Supp. 239, affirmed (C.A.6, 1981), 663 F.2d 1073; *Gibbons–Grable Co., supra; Independence Bank, supra.*"

It cannot be said "with positive assurance" that the disputes at issue (the failure or timeliness of Ozanne's demands) did not "arise out of" or "are not related to the Contract, or the breach thereof." Nevertheless, the board earnestly argues that Ozanne's failure to observe the time constraints for giving notice of the claims or demanding arbitration were conditions precedent to its obligation to arbitrate in the first place. Ozanne conversely argues that whether these were conditions precedent or prerequisites to arbitration "simply raised issues of fact which must, under the plain language of the Arbitration Clause, be decided in arbitration. Further, the technical procedural issues raised by the Board are 'inexorably tied' to Ozanne's Arbitration Claims." As a matter of law, we find the latter argument more persuasive.

The general law on the subject seems to favor the submission of contractual time limits to arbitration as stated in Domke on Commercial Arbitration (Rev.Ed. 1993), Section 15.02, at 231–232:

"Courts are often inclined to leave the application of the contractual time limit to the arbitrators, although some jurisdictions leave this task to the courts. A justification for leaving the issue to the arbitrator is the view that time limits affect events arising subsequent to the making of the contract. Another justification is that time limits have an impact on the outcome of the dispute, are therefore substantive, and thus must be decided by the arbitrator rather than by the court, whose purview some consider to be limited to procedural aspects of arbitration. A number of courts have also held that in arbitration under a broad arbitration clause the arbitrator should make determinations regarding time limitations set forth in the agreement, while this function is more appropriate for the courts if the arbitration takes place under a very narrow arbitration clause * * *."

In the instant case, we are dealing with an extremely broad form of arbitration clause. See *Independence Bank v. Erin Mechanical* (1988), 49 Ohio App.3d 17, 19, 550 N.E.2d 198, 200–201 (a similar provision found to be "broad and clearly includes *all claims* involving the contract documents and breaches thereof").

Arbitration of procedural matters is also favored as a matter of public policy. As the court in *Reynoldsburg City School Dist. Bd. of Edn. v. Reynolds-*

*burg School Support Assn.* (June 4, 1991), Franklin App. No. 90AP–1233, unreported, 1991 WL 101599, held:

"It is the duty of the arbitrator to determine that these procedural requirements [time provisions for arbitration] have been satisfied.

"* * *

"Clearly seeking court intervention as to whether there should or should not be arbitration and when facts are in dispute does not comport with the accepted policy favoring arbitration and removing these issues from court. There is no question the public policy favors the arbitration process."

Deference to arbitration is further found in the principal case on which the trial court relied, *Siam Feather & Forest Products Co. v. Midwest Feather Co.* (S.D.Ohio 1980), 503 F.Supp. 239, 242:

"The Court's responsibility is to determine whether the parties have a duty to arbitrate their dispute under the terms of their agreement. Once arbitration is selected as the proper forum, the arbitrator determines all issues of procedural arbitrability, *i.e.,* whether the party demanding arbitration has complied with all precedent conditions set forth in the agreement itself. See *John Wiley & Sons v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). The *Wiley* court determined that where questions of compliance with the procedural prerequisites to arbitration are inexorably tied to the substantive aspect of the dispute, the arbitrator should decide both the 'procedural' and the 'substantive' matters. This has been the policy of the United States Court of Appeals for the Sixth Circuit."

In language that is instructive in the instant case, the United States Supreme Court in *Wiley, supra,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, was confronted with the issue of whether procedural preconditions to arbitration must be decided by the court rather than the arbitrator, and stated:

"[Q]uestions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it.

"* * *

"Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration." *Id.* at 556–557, 84 S.Ct. at 918, 11 L.Ed.2d at 908–909.

In the instant case, whether or not Ozanne has complied with the contractual time limits, whether such requirements "have been followed or excused" by some

conduct or peculiar circumstances arising from the parties' relationships, or custom and practice, are all questions bearing on the substantive performance of the contract, better left to the expertise of the arbitrator for whom the parties opted.

As stated in *Wiley*, 376 U.S. at 557, 84 S.Ct. at 918, 11 L.Ed.2d at 908–909:

"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."

We also find that it is doubtful that the time constraints of the notice and demand for arbitration provisions upon which the board relies are truly "conditions precedent" to arbitration. See *Rockland Cty. v. Primiano Constr. Co., Inc.* (1980), 51 N.Y.2d 1, 8–9, 431 N.Y.S.2d 478, 482, 409 N.E.2d 951, 954–955:

"Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself—conditions in arbitration, *e.g.*, limitations of time within which the demand for arbitration must be made, or requirements as to parties on whom or as to the manner in which service of the demand for arbitration shall be made. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequence shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding * * *."

We find the wiser course is to defer to the arbitrator in the instant case. Nothing we have said should be construed to prejudge the merits of the controversy and the arbitrator is free to determine all procedural and substantive issues *de novo* pursuant to the terms of the contract and Article 4.5.1 thereof.

Plaintiff's three assignments of error are overruled.

The order staying action pending arbitration is affirmed.

*Judgment affirmed.*

PATRICIA A. BLACKMON, P.J., NUGENT and PORTER, JJ., concur.