JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Target Screen L.L.C. ("Target"), appeals from the trial court's finding of a valid and enforceable arbitration agreement and holding the decision of the arbitration panel to be binding. It is Target's contention that, although the arbitration agreement in question should be deemed valid, it has lapsed because of time restrictions. After reviewing the record and for the reasons set forth below, we affirm the trial court's ruling.
 {¶ 2} This matter derives from a contract dispute that arose between a general contractor and a subcontractor who contracted to build a commercial building for Target. Additional parties to the construction project were appellees Amsdell Construction, Inc. ("Amsdell"), who served as the general contractor, and Randall S. Smith and Davidson Smith Certo Architects (jointly "Smith"), who provided architectural services. Thereafter several derivative claims spun off involving a plethora of legal claims and parties. At issue in this appeal are disputes arising from Target's contractual relationships with both Amsdell and Smith.
 {¶ 3} The contracts originally entered into between the parties contained provisions stating that all disputes arising out of or relating to the contract[s] should be submitted to arbitration; said provisions read in pertinent part:
 {¶ 4} "* * * All claims or disputes between the Contractor and the Owner arising out or relating to the Contract, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or dispute to the Architect * * *."
 {¶ 5} Nevertheless, Target filed its initial lawsuit in the common pleas court by way of a third-party complaint after it had been sued for foreclosure by one of its subcontractors. On July 8, 1997, Amsdell and Smith, third-party defendants to this claim, filed motions with the court to dismiss or stay all claims due to contractual agreements requiring arbitration. On April 28, 1998, the trial court ultimately referred the matter for arbitration.
 {¶ 6} Subsequently, two separate arbitration proceedings began with the AAA; one involved the dispute between Target and Amsdell and the other involved the dispute between Target and Smith. After a number of changes of counsel by the parties, as well as failed settlement negotiations, these arbitration proceedings were still no closer to resolution.
 {¶ 7} On October 29, 2001, the parties negotiated and executed a Consolidated Agreement and Substitute Arbitration Agreement ("New Agreement"). After execution of this New Agreement, a considerable amount of time again passed without the parties coming any closer to a resolution of their claims with the reasons for such delay in dispute. Then on June 6, 2002, Target retained new counsel and moved the trial court for a status conference. Consequently, a hearing was held in October 2002, and new counsel for Target argued that the matter should be remanded to the common pleas court for trial instead of arbitration. On October 1, 2002, the trial court once again ordered that the case be submitted for arbitration and appointed three arbitrators to hear the matter.
 {¶ 8} Arbitration was set for January 31, 2003. Prior to the scheduled arbitration, Amsdell requested from Target permission to inspect the premises at issue. Target opposed this request, and that dispute was submitted to the arbitration panel. The panel subsequently ordered Target to allow Amsdell to inspect the premises.
 {¶ 9} In response to this arbitration order, Target filed a motion seeking a dismissal of arbitration because the underlying arbitration contract was invalid. On February 11, 2003, Target filed an additional motion to enforce the arbitration agreement and declare the same invalid. Essentially, Target contends that the New Agreement was the applicable, enforceable contract at bar, but that the agreement is no longer valid due to a lapse in the time guidelines.
 {¶ 10} On August 27, 2004, the trial court held the following:
 {¶ 11} "THE COURT FINDS THAT THERE IS A VALID AND ENFORCEABLE ARBITRATION AGREEMENT SIGNED BY THE PARTIES IN OCTOBER 2001. IT IS UNDISPUTED THAT THE AGREEMENT TO ARBITRATE WAS SIGNED BY ALL PARTIES, THAT THERE WAS A `MEETING OF THE MINDS' AND NO FRAUD INVOLVED IN THE DRAFTING OR TERMS OF THE CONTRACT. AMSDELL CONSTRUCTION HAS MOVED TO DECLARE THE AGREEMENT INVALID AS ALL PERTINENT DATES AGREED TO IN THE CONTRACT TO ARBITRATE HAVE PASSED. THE REASONS FOR THIS FAILURE TO ABIDE BY THE TERMS OF THE ARBITRATION AGREEMENT ARE IN DISPUTE BUT ARE LARGELY RELATED TO CHANGES IN COUNSEL FOR PARTIES ON BOTH SIDES. THE COURT NOTES THAT THE PARTIES AGREED THAT SAID ARBITRATION WOULD BE BINDING AND THAT THE PROCEEDINGS WOULD BE GOVERNED BY AAA ARBITRATION RULES. PURSUANT TO THE ARBITRATION AGREEMENT AND AAA RULES ANY DISCOVERY DISPUTES, PROCEDURAL ISSUES AND CONTINUANCES ARE TO BE RESOLVED BY THE ARBITRATION PANEL. THEREFORE THIS COURT FINDS THAT THE ARBITRATION CLAUSE IS VALID AND ENFORCEABLE AND THAT THE DECISION OF THE ARBITRATION PANEL WAS TO BE BINDING * * *. THE COURT FINDS THAT THERE IS NO JUST REASON FOR DELAY."
 {¶ 12} Target now timely appeals from this decision, raising three assignments of error. We assess all three assignments of error under one analysis and find them all to be without merit.
 {¶ 13} "I. THE TRIAL COURT ERRED IN REFERRING THE MATTER TO ARBITRATION WHERE THE ARBITRATORS WERE DIVESTED OF JURISDICTION UNDER THE TERMS OF THE ARBITRATION CONTRACT.
 {¶ 14} "II. THE TRIAL COURT ERRED IN ITS AUGUST 27, 2004 JOURNAL ENTRY BY REFERRING THE MATTER TO ARBITRATION WHERE THE CONTRACT PROVISION THAT AUTHORIZED ARBITRATION EXPIRED AND THE APPELLEES WAIVED THEIR RIGHT TO ARBITRATION.
 {¶ 15} "III. THE TRIAL COURT ERRED IN REVERSING ITSELF AND EXPANDING THE AMOUNT OF TIME AVAILABLE TO THE PARTIES TO COMPLETE DISCOVERY."
 {¶ 16} Appellant contends that the trial court was at error in holding that the decision of the arbitration panel was binding and ordering the case to be submitted for arbitration. This court has held that an order that grants or denies (or likewise reaffirms) a stay of any action pending arbitration is a final appealable order for appeal purposes. See Dunn v. LM Building,Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203. Thus the applicable standard of review here is abuse of discretion.Carter Steel Fabricating Co. v. Danis Bldg. Constr. Co.
(1998), 126 Ohio App.3d 251, 2542-55, 710 N.E.2d 299. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v. Hendricks (1994) 98 Ohio App.3d 839, 845. The Ohio Supreme Court has explained:
 {¶ 17} "`An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a determination, made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias.'" Id. at 845-846, quoting Huffman v.Hair Surgeons, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 18} This court, in Dunn, supra, has described the standard for the construction of an arbitration clause as follows: "Ohio and federal courts encourage arbitration to settle disputes." ABM Farms Inc. v. Woods (1998), 81 Ohio St.3d 498,500, 692 N.E.2d 574; see, also, Williams v. Aetna FinCo.
(1998), 83 Ohio St.3d 464, 700 N.E.2d 859.
 {¶ 19} We are mindful of the strong presumption in favor of arbitration as an efficient and economical alternative dispute mechanism. See Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711, 590 N.E.2d 1242; Gaffney v. Powell (1995),107 Ohio App.3d 315, 320, 668 N.E.2d 951. An arbitration clause in a contract is generally viewed as an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and with limited exceptions an arbitration clause is to be upheld just as any other provision in a contract should be respected. Council of Smaller Enterprises v. Gates,McDonald Co. (1998), 80 Ohio St.3d 661, 668, 687 N.E.2d 1352.
 {¶ 20} Furthermore, "once it is determined * * * that the parties are obligated to submit the subject matter of dispute to arbitration, `procedural' questions which grow out of the dispute and bear on its final disposition would be left to the arbitrator." Id., at 665, quoting John Wiley Sons, Inc. v.Livingston (1964), 376 U.S. 543, 556-557, 84 S.Ct. 909, 918,11 L.Ed.2d 898, 908-909. In deciding whether an arbitrator or court should rule on matters concerning the satisfaction of precedent conditions to arbitration, this court held:
 {¶ 21} "`The Court's responsibility is to determine whether the parties have a duty to arbitrate their dispute under the terms of their agreement. Once arbitration is selected as the proper forum, the arbitrator determines all issues of procedural arbitrability, i.e., whether the party demanding arbitration has complied with all precedent conditions set forth in the agreement itself. See John Wiley Sons v. Livingston, (1964)376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898. The Wiley court determined that where questions of compliance with procedural prerequisites to arbitration are inexorably tied to the substantive aspect of the dispute, the arbitrator should decide both the `procedural' and the `substantive' matters.'" See Board of Library Trustees,Shaker Heights Pub. Library v. Ozanne Constr. Co. (1995),100 Ohio App.3d 26, 651 N.E.2d 1356, quoting Siam Feather ForestProducts Co. v. Midwest Feather Co. (S.D. Ohio, 1980),503 F.Supp. 239, 242.
 {¶ 22} In addition, this court, in Board of Library Trust,
supra., has stated that an arbitrator's jurisdiction to rule on procedural issues extends beyond conditions precedent. "`Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself — conditions in arbitration, e.g., limitations of time within which the demand for arbitration must be made, or requirements as to parties on whom or as to the manner in which service of the demand for arbitration shall be made. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequence shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding * * *.'" Id., at 31, quoting Rockland Cty. v. Primiano Constr. Co., Inc. (1980),51 N.Y.2d 1, 8-9, 431 N.Y.S.2d 478, 482, 409 N.E.2d 951, 954-955.
 {¶ 23} In the case at bar, it is undisputed that there is a valid agreement between the parties — the New Agreement — that commits the subject matter to arbitration. The question before this court is whether the trial court abused its discretion in resubmitting the case to arbitration in accordance with the arbitration panel's decision, in spite of appellant's contention that the "procedural" time guidelines set forth in the New Agreement had not been met, causing the agreement to lapse.
 {¶ 24} In accordance with the case law stated above, we find the trial court to be correct in its ruling that procedural disputes as to time restrictions at issue are to be decided by the arbitration panel; thus, the panel's decision here is binding. Therefore, the trial court did not abuse its discretion, and appellant's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.