[Cite as *Discover Card v. Bennington*, 2017-Ohio-7455.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DISCOVER BANK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0123** |
| JOY L. BENNINGTON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2017 CVF 00108.

Judgment: Appeal dismissed.

*David Mullen and David A. Head,* Weltman, Weinber & Reis Co., LPA, 965 Keynote Circle, Brooklyn Heights, OH 44131 (For Plaintiff-Appellee).

*Timothy J. Duff and Andrew S. Pollis,* Milton A. Kramer Law Clinic Center, Case Western Reserve, School of Law, 11075 East Boulevard, Cleveland, OH 44106 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1}   Appellant, Joy L. Bennington, appeals from the trial court's June 8, 2017 judgment entry. In that entry, the trial court denied appellant's motion to set aside the May 19, 2017 magistrate's order. Appellant indicates on her Docketing Statement that there is a right to an immediate appeal from the June 8th judgment under R.C. 2711.02(C). More specifically, appellant claims that the appeal is immediately

appealable under R.C. 2711.02(C), because under the statute an order denying a stay pending arbitration is a final order.

{¶2}   Upon an initial jurisdictional review of the appeal, this court found that there may not be a final appealable order because the trial court's order did not grant or deny a motion to stay pending arbitration.  On July 27, 2017, an order was issued by this court instructing appellant to show cause as to why the appeal should not be dismissed for lack of a final appealable order.

{¶3}   Appellant responded to the show cause order on August 8, 2017, indicating that the trial court did not "explicitly deny her motion" [for stay] but over her objections "proceeded to impose tight deadlines for completing discovery, filing dispositive motions and preparing for trial." In taking these steps, appellant posits that the trial court "effectively denied" her motion for stay pending arbitration.

{¶4}   The record shows that on February 10, 2017, appellee, Discover Bank, initiated an action to collect a credit card debt against appellant in the amount of $12,642.01 plus costs.

{¶5}   On March 31, 2017, appellant filed a motion to stay proceedings pending arbitration.  On May 19, 2017, a magistrate's order was issued, which indicated that the parties agreed to a certain time table for the disposition of the action.  The order set forth those deadlines and scheduled the case for trial for December 14, 2017, at 1:30 p.m.

{¶6}   Appellant filed a motion to set aside the May 19th magistrate's order on May 30, 2017, and on June 8, 2017, the trial court issued the appealed judgment denying the motion to set aside.  In that entry, the court stated "the setting of the time-

2

table for disposition does not equate to waiving [a] right to arbitration. The Court is required to set dates for disposition as time limits are set by the Supreme Court Rules of Superintendence." Appellant appealed.

{¶7} We must determine if the entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶8} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶9} R.C. 2505.02(B) states that:

{¶10} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶11} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶12} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶13} "(3) An order that vacates or sets aside a judgment or grants a new trial;

3

{¶14} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶15} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶16} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶17} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶18} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶19} "(7) An order in an appropriation proceeding * * *."

{¶20} Here, appellant has attempted to appeal from an order denying a motion to set aside a magistrate's order. The trial court's entry does not fit within any of the categories of R.C. 2505.02. Appellant is attempting to utilize R.C. 2711.02(C) as her means of appealing from an interlocutory order.

{¶21} R.C. 2711.02(C) states in relevant part:

{¶22} "* * * [A]n order under division (B) of this section that grants or denies stay of a trial of any action pending arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal. * * *."

4

{¶23} Here, the trial court has not granted or denied a motion for stay pending arbitration. In fact, in its June 18, 2017 entry, the court indicates that setting the time table for disposition of the case does not equate to waiving arbitration.

{¶24} R.C. 2711.02(C) is clear with respect to an order that denies or grants a motion to stay pending arbitration being a final appealable order and subject to immediate review. That is the law in Ohio when determining whether there is a final appealable order in these circumstances. This court cannot construe the trial court's order as a denial of a motion to stay pending arbitration especially when the language in the order rejects that construction. Currently, the motion to stay is still pending in the trial court, and appellant has recourse to address the situation other than an appeal from an interlocutory order.

{¶25} Thus, the appeal is hereby dismissed, sua sponte, for lack of a final appealable order.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.