[Cite as *RM Riggle Ents., Inc. v. Commerce Park Place Holdings, L.L.C.*, 2021-Ohio-4215.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RM RIGGLE ENTERPRISES, INC.,　　　　:

　　　Plaintiff-Appellant,　　　　:

　　　　　　　　　　　　　　　　　　　　No. 110236

　　　v.　　　　　　　　　　　　:

COMMERCE PARK PLACE　　　　　:
HOLDINGS, L.L.C., ET AL.,

　　　　　　　　　　　　　　　　　　:

　　　Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 2, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935714

---

### *Appearances:*

Connick Law, L.L.C., and Thomas J. Connick, *for appellant.*

Thompson Hine L.L.P., William J. Hubbard, Daniel M. Haymond, William J. Thrush, and David J. Walters, *for appellee* NRP Contractors L.L.C.

Hahn Loeser & Parks L.L.P., Jeffrey A. Brauer, Aaron S. Evenchik, and Tara J. Rose, *for appellee* Commerce Park Place Holdings, L.L.C.

Travelers Staff Counsel of Ohio and Douglas J. May, *for appellee* Travelers Property Casualty Company of America.

MICHELLE J. SHEEHAN, J.:

{¶ 1} This appeal involves the scope of appellate review when a trial court stays litigation pending arbitration pursuant to an arbitration agreement without first deciding a separate declaratory judgment action regarding a related arbitration agreement. Because an appellate court is limited in its review of whether a lower court abuses its discretion when granting a stay of litigation pending arbitration, we are unable to conclude that the trial court abused its discretion in this case.

{¶ 2} This case concerns a commercial construction project. R.M. Riggle Enterprises, Inc. ("Riggle") was a subcontractor for NRP, L.L.C. ("NRP"), who served as a general contractor in the construction of an apartment complex owned by Commerce Park Place Holdings, L.L.C. ("CPPH"). Riggle installed the fire suppression system in the apartment complex. Several years later, the waterlines in the fire suppression system broke, causing extensive water damage.

{¶ 3} Both the contract between the property owner CPPH and the general contractor NRP and the contract between the NRP and the subcontractor Riggle contain arbitration agreements. CPPH commenced an arbitration proceeding before the American Arbitration Association ("AAA") (hereafter referred to as the "CPPH/NRP arbitration"). NRP agreed to arbitration and sought to join Riggle in the CPPH/NRP arbitration. CPPH and its insurer, Travelers Property Casualty Company of America ("Travelers"), also filed an action in the common pleas court against NRP and several subcontractors, including Riggle (the "CPPH/NRP case").

{¶ 4} Riggle objected to being joined in the CPPH/NRP arbitration. According to NRP, the AAA joined Riggle in the arbitration despite Riggle's objection. Riggle then filed a declaratory judgment action in the common pleas court seeking certain judicial declarations regarding the arbitration provisions at issue; Riggle also filed a motion in the CPPH/NRP case to stay arbitration pending the resolution of its declaratory judgment action.

{¶ 5} Subsequently, NRP filed a motion to stay proceedings in the CPPH/NRP case pending the CPPH/NRP arbitration. Upon Riggle's request, the trial court consolidated the two cases. After the consolidation, the court granted NRP's motion to stay proceedings pending arbitration and its judgment entry stated "all pending motions are rendered moot," which includes Riggle's motion to stay arbitration.

{¶ 6} On appeal, Riggle raises the following four assignments of error:

I. The trial court erred by granting NRP LLC's motion to stay proceedings pending arbitration.

II. The trial court erred by impliedly denying R.M. Riggle Enterprises, Inc.'s motion to stay/enjoin arbitration.

III. The trial court erred by finding that NRP LLC did not waive its right to arbitration.

IV. The trial court erred by granting NRP LLC's motion to stay proceedings pending arbitration without conducting an evidentiary hearing.[1]

---

[1] CPPH and Travelers filed a joint appellee's brief in the appeal, and the joint brief incorporates fully the appellee brief filed by NRP.

**{¶ 7}** After a careful review of the record and applicable law, we do not find the trial court abused its discretion staying the proceedings and denying the pending motions and therefore affirm the trial court's judgment.

**The Contracts and the Arbitration Agreements**

**{¶ 8}** In 2013, CPPH entered into a construction contract with NRP for NRP to serve as a general contractor for the construction of a residential apartment complex known as "The Vue" located in Beachwood, Ohio. NRP, in turn, entered into a subcontract agreement with Riggle for the installation of the fire sprinklers. Both the construction contract and the subcontract agreement contain an arbitration provision.

**{¶ 9}** Article 21 of the construction contract between CPPH and NRP is titled "CLAIMS AND DISPUTES." Section 21.1 states that claims and disputes arising out of or relating to the contract are subject to arbitration. Section 21.4 states that the arbitration is to be administered by the AAA in accordance with the Construction Industry Arbitration Rules. Furthermore, Sections 21.5 and 21.6 state the following regarding joinder:

> 21.5 Either party, at its sole discretion, may consolidate an arbitration conducted under this agreement with other arbitration to which it is a party provided that (1) the arbitration agreement governing the other arbitration permits consolidation; (2) the arbitrations to be consolidated substantially involve common questions of law or fact; and (3) the arbitrations employ materially similar procedural rules and methods for selecting arbitrator(s).

> 21.6 Any party to an arbitration may include by joinder persons or entities substantially involved in a common question of law or fact whose presence is required if complete relief is to be accorded in

arbitration provided that the party sought to be joined consents in writing to such joinder. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of a Claim not described in the written Consent.

{¶ 10} The arbitration agreement contained in the subcontract agreement between NRP and Riggle states, in pertinent part:

18. BINDING ARBITRAITON. Claims, dispute and other matters in question arising out of or relating to this Agreement, the Work or the Project shall be decided by binding arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has risen. * * * Arbitration arising out of or relating to the Contract Document shall include, by consolidation, joinder or in any other manner, any person or entity having an interest in who may be accountable for the claim.

**Arbitration Before the AAA and Litigation in the Common Pleas Court**

{¶ 11} In January 2018, the fire suppression supply lines broke in several units, causing extensive water damage. On January 2, 2020, the property owner CPPH and its insurer Travelers filed a demand for arbitration before the AAA pursuant to the arbitration provision in its contract with NRP, referred to above as the CPPH/NRP arbitration.

{¶ 12} Simultaneously, CPPH and Travelers filed a complaint in the common pleas court against NRP and several other parties involved in the construction of the fire suppression system, including Riggle, claiming defects in the construction,

referred to above as the CPPH/NRP case.[2]  Subsequently, AAA joined Riggle in the CPPH/NRP arbitration.  In response, Riggle filed a declaratory judgment action in the common pleas court, seeking a declaration that it should not be joined in the CPPH/NRP arbitration.  In the following, we describe these procedures in more detail.

### a. Arbitration

{¶ 13} On January 24, 2020, NRP responded to CPPH's arbitration demand, filing an "Arbitration Answering Statement and Counterclaim or Joinder/ Consolidation Request" in the AAA.  In the filing, NRP requested joinder of all subcontractors who had been identified by Travelers and CPPH as potentially responsible for the alleged damages, including Riggle.

{¶ 14} Riggle objected to being joined in the CPPH/NRP arbitration in multiple filings, on the ground that it did not consent to joinder in writing as required by the arbitration agreement between NRP and CPPH.  AAA overruled Riggle's objections and joined Riggle, along with other subcontractors, in the arbitration.[3]

---

[2] On February 5, 2020, Riggle removed the CPPH/NRP case to the federal court, claiming diversity jurisdiction.  On April 29, 2020, the federal court remanded the case to the common pleas court due to a lack of jurisdiction.  The case was then transferred to the common pleas court's commercial docket.

[3] Riggle's filings and the decisions issued by the AAA are not part of the record before us. In one of their court filings, Travelers and NRP represented to the trial court that on February 28, 2020, Riggle objected to the joinder request by NRP and the objection was overruled by the AAA on April 21, 2020.  On May 10, 2020, Riggle moved for

### b. Riggle's Declaratory Judgment Action

**{¶ 15}** After unsuccessful attempts before the AAA to avoid being joined in the CPPH/NRP arbitration, Riggle turned to the common pleas court for a judicial declaration that it should not be joined in the CPPH/NRP arbitration. On August 7, 2020, Riggle filed a declaratory judgment action in the common pleas court and, at the same time, moved the trial court to consolidate the declaratory judgment action and the CPPH/NRP case. The court granted the motion to consolidate on November 12, 2020.

**{¶ 16}** In the declaratory judgment action, Riggle cited the arbitration agreement between CPPH and NRP, which states that any party to an arbitration "may include by joinder persons or entities substantially involved in a common question of law or fact whose presence is required * * * provided that the party sought to be joined consents in writing to such joinder." Riggle maintained that the only way it can be involved in arbitration is if NRP commenced an arbitration proceeding against Riggle pursuant to their own arbitration agreement, and it claimed that NRP had not commenced arbitration against it pursuant to that agreement. Riggle claimed the AAA wrongfully ordered that Riggle be joined in the CPPH/NRP arbitration because NRP had not demanded arbitration against Riggle and Riggle did not consent in writing to the joinder.

---

reconsideration of its objection to joinder and the AAA denied the request for reconsideration on June 9, 2020.

{¶ 17} Riggle also claimed that because NRP had not demanded or commenced arbitration against Riggle under the subcontract agreement within a reasonable time, NRP has waived its right to arbitration. Riggle sought a declaration from the trial court that (1) Riggle cannot be joined in the arbitration between CPPH and NRP because Riggle did not consent in writing to the joinder, (2) NRP waived its rights to arbitration under the subcontract agreement because NRP had engaged in activities inconsistent with its right to arbitration against Riggle, (3) Travelers waived its right of subrogation as to Riggle, and (4) the AAA is prohibited from hearing any claims against Riggle in arbitration or render an award against Riggle.

### c. Riggle's Motion to Stay Arbitration

{¶ 18} A day after filing the declaratory judgment action, on August 8, 2020, Riggle filed a motion in the CPPH/NRP case to enjoin and stay the CPPH/NRP arbitration pending the resolution of Riggle's declaratory judgment action.

{¶ 19} In the motion, Riggle reiterated its arguments set forth in the declaratory judgment action, citing Section 21.6 of the contract between CPPH and NRP and argued that it never consented in writing to be joined in the CPPH/NRP arbitration. Riggle maintained that it could only be involved in arbitration related to the construction if NRP commenced arbitration against Riggle "directly." Riggle argued that NRP failed to "commence" arbitration against Riggle in accordance with their arbitration agreement. Riggle claimed NRP waived its arbitration right against Riggle because it had not commenced arbitration against Riggle.

{¶ 20} Travelers and CPPH filed an opposition to Riggle's motion to stay arbitration. They challenged Riggle's reliance on the provision in CPPH and NRP's contract requiring a third party's consent for joinder, pointing out that section 22.3 of CPPH and NRP's contract provides that "[t]he duties and obligations to the Contractor under the Contract Document are intended solely for the benefit of [CPPH] and should not be construed to establish any third-party beneficiary rights in any other person or entity."

{¶ 21} Travelers and CPPH alleged that the main reason CPPH filed the case in the common pleas court was to address the fact that there was no arbitration agreement between plaintiffs and the project's architect. Travelers and CPPH alleged that there was no dispute among the parties involved in this construction matter regarding a joint arbitration, and the only "holdout" was Riggle.

{¶ 22} Regarding Riggle's claim, Travelers and CPPH contended that the application filed by NRP to join Riggle constituted a written demand for arbitration pursuant to the subcontractor agreement and that the two-step process Riggle claimed to be necessary was not required, as the AAA had decided. Travelers and CPPH maintained that Riggle was improperly requesting the trial court to review a purely procedural issue that had been decided by the AAA under its own rules.

{¶ 23} NRP also filed an opposition to Riggle's motion to stay arbitration. It argued that the subcontract agreement requires Riggle to arbitrate all claims arising from the construction or the construction contract and NRP properly exercised its right to arbitration against Riggle by joining it in the arbitration proceeding

commenced by CPPH against NRP. NRP also maintained that the subcontract agreement does not require a "second" consent to arbitration. NRP furthermore alleged that Riggle could have sought declaratory relief in the common pleas court as early as January 24, 2020, when NRP sought to join Riggle in the CPPH/NRP arbitration, yet Riggle waited until after it received two adverse orders from the AAA to raise this issue in the court.

### d. NRP's Motion to Stay Proceedings and the Trial Court's Decision

{¶ 24} On October 8, 2020, NRP filed a motion in the CPPH/NRP case to stay proceedings pending the CPPH/NRP arbitration. CPPH and Travelers did not oppose the motion. On November 12, 2020, the trial court consolidated the two cases upon Riggle's request. The motions pending before the trial court in the consolidated case are Riggle's motion to enjoin arbitration pending the resolution of the declaratory judgment action and NRP's motion to stay proceedings pending arbitration.

{¶ 25} On January 7, 2021, the trial court issued a ruling in the consolidated case. It granted NRP's motion to stay pending arbitration and stated that "all pending motions are rendered moot."

{¶ 26} Riggle appealed from the court's judgment, raising four assignments of error. We address them in turn in the following.

**First Assignment of Error:  NRP's Motion to Stay Proceedings Pending Arbitration**

{¶ 27} Under the first assignment of error, Riggle argues the trial court erred in granting NRP's motion to stay proceedings pending arbitration.  Riggle maintains that, pursuant to section 21.6 of the contract between CPPH and NRP, a third party can be joined in the CPPH/NRP arbitration only when that party consents in writing.  Riggle argues that because Riggle did not consent in writing pursuant to that provision, the trial court erred in granting NRP's motion to stay proceedings, because it would effectively "force" Riggle into arbitration without its written consent as required by the arbitration agreement between CPPH and NRP.

{¶ 28} We review this appeal with the recognition that arbitration is a favored method to settle disputes.  Both the Ohio General Assembly and the courts have expressed a strong public policy favoring arbitration.  *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15; R.C. Chapter 2711.  "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992).  The courts encourage arbitration also because it has the additional advantage of unburdening crowded court dockets. *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.*, 22 Ohio St.3d 80, 83, 488 N.E.2d 872 (1986).

{¶ 29} We review a trial court's decision to grant a motion to stay proceedings pending arbitration for an abuse of discretion.  *Avery v. Academy*

*Invests., L.L.C.*, 8th Dist. Cuyahoga No. 107550, 2019-Ohio-3509, ¶ 9, citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7.  Abuse of discretion implies that the trial court's ruling is "unreasonable, arbitrary, or unconscionable" and requires "more than an error of law or judgment" to warrant a reversal.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  When applying this standard, "an appellate court is not free to substitute its judgment for that of the trial judge."  *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 30} Pursuant to R.C. 2711.02(B), if an action is brought upon any issue referable to arbitration under an arbitration agreement, "the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration * * *, *shall* on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."  (Emphasis added.)  Under the statute, "a court may stay trial of an action upon application of a party 'if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement.'"  *Seyfried v. O'Brien*, 2017-Ohio-286, 81 N.E.3d 961, ¶ 18 (8th Dist.), quoting *Austin v. Squire*, 118 Ohio App.3d 35, 37, 691 N.E.2d 1085 (9th Dist.1997), citing *Jones v. Honchell*, 14 Ohio App.3d 120, 122, 470 N.E.2d 219 (12th Dist.1984).

{¶ 31} It is undisputed that CPPH's claims against NRP regarding the construction defect are subject to arbitration.  Pursuant to R.C. 2711.02, therefore,

the trial court did not abuse its discretion in granting NRP's motion to stay proceedings pending arbitration pursuant to CPPH and NRP's arbitration agreement.

{¶ 32} As to the pending declaratory judgment action filed by Riggle, which had been consolidated with the CPPH/NRP case upon Riggle's request, the courts "have consistently held that when a trial court grants a motion to stay proceedings, the entire action must be stayed, not only the arbitrable claims between parties to the arbitration agreement." *Neel v. A. Perrino Constr., Inc.*, 2018-Ohio-1826, 113 N.E.3d 70, ¶ 38 (8th Dist.), citing *Maclin v. Greens Nursing*, 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, ¶ 9, citing *Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, ¶ 12, *Pyle v. Wells Fargo Fin.*, 10th Dist. Franklin No. 05AP-644, 2005-Ohio-6478, ¶ 12, and *Marquez v. Koch*, 4th Dist. Ross No. 11CA3283, 2012-Ohio-5466, ¶ 11. While the trial court's judgment leaves the declaratory judgment action unresolved until the CPPH/NRP arbitration is completed, we cannot say that the trial court abused its discretion in enforcing CPPH and NRP's arbitration agreement and staying litigation pending the completion of the CPPH/NRP arbitration. The first assignment of error is without merit.

**Second Assignment of Error: Riggle's Motion to Enjoin and Stay Arbitration**

{¶ 33} After the AAA joined Riggle in the NRP/CPPH arbitration and subsequently denied Riggle's request for a reconsideration, Riggle sought a judicial

determination of the issue by filing a declaratory judgment action and then a motion to stay arbitration in the NRP/CPPH case pending a ruling of the declaratory judgment action. Under the second assignment error, Riggle claims the trial court erred in granting NRP's motion to stay proceedings in the consolidated case without addressing this issue raised in Riggle's declaratory judgment action and motion to enjoin arbitration.

{¶ 34} Riggle argues that by granting the motion to stay proceedings pending arbitration without ruling on the issue of whether Riggle can be joined in the arbitration, the trial court's judgment effectively forced Riggle to participate in CPPH and NRP's arbitration without its written consent, which is required in CPPH and NRP's arbitration agreement.

{¶ 35} Riggle does not seem to dispute the existence of the arbitration agreement between Riggle and NRP contained in the subcontract agreement, which provides that "[c]laims, dispute and other matters in question arising out of or relating to this Agreement, the Work, or the Project shall be decided by binding arbitration." What Riggle disputes in essence is the way in which NRP initiated arbitration against Riggle: instead of commencing a separate arbitration against Riggle, NRP applied to the AAA to join all subcontractors involved, including Riggle, in the CPPH/NRP arbitration.

{¶ 36} We first address briefly whether the trial court's ruling regarding Riggle's motion to stay arbitration (i.e., considering it "moot") is a final appealable order.

{¶ 37} R.C. 2711.02(C) states:

Except as provided in division (D) of this section, an order under division (B) of this section that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶ 38} Under the statute, an order denying or granting a motion to stay proceedings pending arbitration is a final appealable order and subject to immediate review. *See, e.g.*, *Discover Bank v. Bennington*, 11th Dist. Geauga No. 2017-G-0123, 2017-Ohio-7455, ¶ 24. The statute, however, does not provide for the immediate appellate review of a judgment regarding a motion to stay arbitration. Rather, there is case precedent suggesting that an order regarding arbitration that does not "prevent a judgment" may not be a final appealable order. *See Summit Constr. Co. v. Am. Arbitration Assoc.*, 9th Dist. Summit No. 24765, 2010-Ohio-874.[4] The trial

---

[4] In *Summit Constr.*, a property owner filed a demand for arbitration against a contractor. The contractor objected on the ground that a certain condition precedent provided in the parties' arbitration agreement was not met. The AAA decided the condition precedent had been satisfied and appointed an arbitrator. The contractor then challenged the suitability of the arbitrator. The AAA determined the arbitrator was suitable. The contractor then filed an application in the common pleas court asking the court to remove the arbitrator and appoint a new arbitrator. The substance of the contractor's claim in its application was that the arbitration itself was not proper because the condition precedent had not been met. The trial court denied the application on the ground that the issue of whether the condition precedent was met was for the arbitrator to decide. The contractor appealed from the trial court's decision. The appellate court dismissed the appeal for the lack of a final appealable order pursuant to R.C. 2505.02(B)(1), which defines a final appealable order as one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" The appellate court explained that the trial court's order did not prevent a judgment; rather, it allowed the matter to proceed to judgment because the trial court's order did not dispose of the merits of the construction

court's order here regarding Riggle's motion to stay arbitration certainly does not "prevent a judgment" in this construction dispute and would appear not to be a final appealable under the reasoning by the Ninth District in *Summit Constr.*

{¶ 39} Even if we are to assume, without deciding, that the trial court's ruling regarding Riggle's motion to stay arbitration (considering it moot and holding it in abeyance) is a final appealable order, Riggle's claim that the trial court should have decided the motion instead of staying the entire consolidated case pending arbitration is not supported by any case law authority.

{¶ 40} "When the subject matter of a dispute is arbitrable, procedural questions that grow out of the dispute and bear on its final disposition are to be left to the arbitrator." *FOP Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. Franklin Nos. 12AP-451 and 12AP-452, 2013-Ohio-1057, ¶ 26, citing *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). *See also Blanchard Valley Health Sys. v. Canterbury Holdings, Inc.*, 3d Dist. Hancock No. 5-12-08, 2012-Ohio-5134, ¶ 24 (once the court determines the parties are obligated to submit a dispute to arbitration, procedural questions growing out of the dispute are left to the arbitrator), citing *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998); *N. Elec. v. Amsdell Constr.,*

---

claim. The appellate court explained that, after the award has been made, R.C. 2711.13 provides a mechanism by which the contractor may petition the court to vacate or modify the award and, at that time, the contractor may raise arguments concerning the arbitrator and other procedural or substantive issues, and, once the trial court has entered a judgment regarding the arbitrator's award, the contractor may appeal that ruling pursuant to R.C. 2711.15. *Summit Constr.* at ¶ 24.

*Inc.*, 8th Dist. Cuyahoga No. 85293, 2005-Ohio-4134, ¶ 21; *Council of Smaller Ents. v. Gates, McDonald & Co.*, 8th Dist. Cuyahoga Nos. 68510 and 69868, 1996 Ohio App. LEXIS 1455 (Apr. 11, 1996) (procedural questions, such as whether a party made a timely demand for arbitration, should be left to the arbitrator); and *Bd. of Library Trustees, Shaker Hts. Pub. Library v. Ozanne Constr. Co., Inc.*, 100 Ohio App.3d 26, 651 N.E.2d 1356 (8th Dist.1995) (once arbitration is selected as the proper forum, the arbitrator determines all issues of procedural arbitrability).

{¶ 41} Here, the trial court appropriately determined that the matter should be stayed pending arbitration pursuant to the arbitration agreement between CPPH and NRP. In accordance with the foregoing case law authority, the procedural issue regarding whether NRP could join the subcontractor Riggle in that arbitration without first initiating its own arbitration against Riggle is left to the arbitrator.

{¶ 42} Even if the AAA were to have committed a legal error, "'[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge * * * [c]ourts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.'" *Ironton v. Rist*, 4th Dist. Lawrence No. 10CA10, 2010-Ohio-5292, ¶ 12, quoting *Southwest Ohio Regional Transit Auth. v. Amalgamated Transit Union, Local 627*, 91 Ohio St.3d 108, 110, 2001-Ohio-294, 742 N.E.2d 630. *See also Util. Workers Union of Am. Local 436-A v. E. Ohio Regional Wastewater Auth.*, 2017-Ohio-7794, 97 N.E.3d 960, ¶ 39 (7th Dist.).

{¶ 43} Riggle claims a judicial determination of the joinder issue is necessary at this juncture of the proceedings and that the court's judgment staying proceedings pending arbitration would effectively "force" Riggle to participate in the arbitration between CPPH and NRP. *Champion Chrysler v. Dimension Serv. Corp.*, 2018-Ohio-5248, 118 N.E.3d 490 (10th Dist.), *appeal not accepted*, 156 Ohio St.3d 1446, 2019-Ohio-2498, 125 N.E.3d 925, addressed a similar procedural question. In that case, the Tenth District considered whether consolidation is a threshold question of arbitrability for a court to decide. Citing federal case law, the court held that consolidation is a matter of procedure for the arbitrator. *Id.* at ¶ 24, citing *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 587 (3d Cir.2007); *Emps. Ins. Co. of Wausau v. Century Indemn. Co.*, 443 F.3d 573, 577 (7th Cir.2006); *Shaw's Supermarkets, Inc. v. UFCW*, 321 F.3d 251, 254 (1st Cir.2003); and *Blimpie Internatl. Inc. v. Blimpie of the Keys*, 371 F.Supp.2d 469, 473-474 (S.D.N.Y.2005). Joinder is similarly a procedural matter. As such, the trial court did not abuse its discretion in staying the matter pending arbitration without ruling on the joinder issue raised in Riggle's motion to stay arbitration. The second assignment is without merit.

**Third Assignment of Error: Waiver**

{¶ 44} Under the third assignment of error, Riggle argues NRP has not timely initiated arbitration against Riggle in accordance with the arbitration provision in *their* contract and, therefore, waived its right of arbitration as to Riggle.

Riggle claims the trial court erred in failing to find that NRP waived its right to arbitration.

{¶ 45} Riggle sought a judicial declaration that NRP waived its right to arbitration in its declaratory judgment action, which was stayed by the trial court pending arbitration. We determined in the foregoing analysis that the trial court did not abuse its discretion in staying the instant case pending arbitration based on the arbitration agreement between CPPH and NRP. As such, the trial court did not err in not resolving this issue before staying the case. The third assignment is without merit.

**Fourth Assignment of Error: Hearing**

{¶ 46} Riggle did not request a hearing at the trial court. Under the fourth assignment of error, however, Riggle argues the trial court erred in granting NRP's motion to stay proceedings pending arbitration without conducting an evidentiary hearing.

{¶ 47} As the Supreme Court of Ohio explained in *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio-6465, 800 N.E.2d 7, R.C. 2711.02 ("Court may stay trial") and R.C. 2711.03 ("Enforcing arbitration agreement") are distinct statutory provisions: R.C. 2711.02 applies when a party files a motion to stay proceedings, and R.C. 2711.03 applies where there is a petition for an order to compel the parties

to proceed to arbitration. [5]  *Id.* at ¶ 15 and 17.  While R.C. 2711.03 states "the court shall hear the parties," R.C. 2711.02 does not obligate the court to conduct an evidentiary hearing.  *Id.* at ¶ 16 and 19.

**{¶ 48}** While NRP's motion referenced both statutes, it is a motion to stay proceedings pending arbitration, rather than a motion to compel arbitration, and the trial court granted the stay.  Pursuant to R.C. 2711.02 and *Maestle*, the trial court was not mandated to hold an evidentiary hearing before granting NRP's motion to stay proceedings pending arbitration.  The fourth assignment of error is without merit.

---

[5] R.C. 2711.02 (B) provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

R.C. 2711.03 (A) provides:

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * *.  *The court shall hear the parties*, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(Emphasis added.)

**{¶ 49}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LISA B. FORBES, J., CONCUR